IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>SEONG UG SIN,<br><br>            Defendant. | Civil No.  CR 10-5332 JRC<br><br>ORDER GRANTING DEFENDANT'S MOTION IN LIMINE REGARDING DEFENDANT'S STATEMENTS RE: SELF-ADMINISTERED BREATH TEST AND EVIDENCE DERIVED THEREFROM |

Before the Court is Defendant's Motion in Limine to exclude evidence at trial of Defendant's statements about the results of a self-administered breath test Defendant Sin performed on himself the morning of April 14, 2010.  This Court is GRANTING the motion because there has been no showing that the test or the AlcoHawk ABI device meets the minimum standards of reliability and admissibility articulated in the Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579 (2003) and because the probative value of any alleged admissions by Defendant Sin in reporting this result are substantially outweighed by the danger of unfair prejudice under Federal Rules of Evidence 403.

# FACTUAL BACKGROUND

Defendant Sin is a citizen of the Republic of Korea and was captain of the MV STX DAISY, a bulk carrier vessel sailing the flag of Panama. The United States Coast Guard ("U.S.C.G.") boarded this ship on the morning of April 14, 2010 for a routine security inspection after the vessel entered the United States waters west of Port Angeles, Washington. During the inspection, the U.S.C.G. administered portable breath tests of Defendant Sin, using an Alco-Sensor IV device, which allegedly registered a blood alcohol content ("BAC") of .102 and .108. The legal limit is a BAC of .04. 33 CFR 95.010 - .020.

That evening, Defendant Sin provided a statement to the U.S.C.G. Investigative Service ("CGIS") special agents. During this interview, Defendant Sin stated that at approximately 7:00 a.m. – roughly two hours after the U.S.C.G. tests – Defendant Sin tested himself using the ship's portable testing device, an AlcoHawk ABI. The test results, according to Defendant Sin, registered a BAC of .05, which was still in violation of the .04 limit.

On July 30, 2010, the Government reported test results of the AlcoHawk ABI device and concluded that the device was inaccurate. On one occasion, it failed to give any reading. On five occasions, using a .04 BAC certified solution, the device showed a reading of .09 BAC, and on one occasion, using a .10 BAC certified solution, the device showed a reading of .18 BAC. (Dkt. #38) No party has attempted to submit evidence demonstrating the scientific reliability of the AlcoHawk ABI device, nor the reliability of the methodology used in obtaining the reported test results.

On a related matter, the Court conducted a 3-day Daubert hearing regarding the admissibility of the portable breath test administered by the U.S.C.G. using an Alco-Sensor IV device. The Court heard testimony from experts regarding the reliability of the device and the

method used to administer the tests.  This Court ruled that the results were admissible under Daubert, which means that this test can be used by the Government for purposes of proving its case against the Defendant.  The Government wishes to admit the self-administered AlcoHawk ABI test results, without proving the scientific reliability of the test on the grounds that the statements by Defendant Sin constitute a party admission under Rule 801(d)(2) and further contends that the reliability of the underlying AlcoHawk test device is irrelevant.  (Dkt. #47, page 1)

## DISCUSSION

The Court starts with the premise that the Defendant's statements regarding the AlcoHawk portable breath test are not being offered as lay witness opinion testimony under Fed. R. of Evid. 701 nor expert testimony under Fed. R. of Evid. 702.  There has been no showing by any party that the test results nor Defendant Sin's statements are based on (1) scientific knowledge that (2) will assist the trier of fact to understand or determine the fact in issue.  Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 592-93 (2003).  Therefore, until and unless such a showing is made, and especially in light of the Government's testing of the device and the apparent inaccuracy of the device's reading, this Court would otherwise suppress the results and the testimony as not meeting the minimum requirements of reliability for such testimony.

The Government has cited the Court to the Commentary to Fed. R. of Evid. 801(d)(2), which provides in relevant part:

> Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule.  No guarantee of trustworthiness is required in the case of an admission.

While the Court recognizes that Defendant Sin's statements may have some limited probative value as an admission, this probative value is far outweighed by the potential for the unfair prejudice of admitting an unreliable test result.  As noted by the court in <u>Aliottta v. National Railroad Passenger Corp</u>. 315 F3d 756, 763 (7th Cir. 203):

> [T]he rules calling for generous treatment of party-opponent admissions still do not stand for the proposition that Rule 801(d)(2) trumps *all other* Federal Rules of Evidence.  For example, Rule 403 clearly applies to admissions, and a trial judge can exclude admission evidence if its probative value is substantially outweighed by the danger of unfair prejudice. . . .  The plaintiff has made no argument why admission should always be free from the requirements of Rule 701(c), Rule 702 and *Daubert.*  And in this particular case, we see no good reason why unqualified and unreliable scientific knowledge should be exempted from the expert evidence rules. . . .

Although the Government would have this Court issue a limiting instruction advising the jury not to consider the test results as scientific, such an instruction would be confusing to the average juror.  The unavoidable temptation would be to compare the otherwise admissible testing by the U.S.C.G. using the Alco-Sensor IV device with the scientifically unproven testing performed by Captain Sin using the unreliable AlcoHawk ABI device.  Such a comparison would be unfairly prejudicial and inappropriate.

The parties are instructed that in absence of an additional showing outside of the presence of the jury, the parties and their counsel will make no reference to the AlcoHawk ABI test results or the statements made by Defendant Sin regarding those results.  Counsel for the parties are further instructed to advise all potential witnesses of this Order in Limine for any witness who is called to testify.

ORDERED this 10th day of August, 2010.

_____
J. Richard Creatura
United States Magistrate Judge

Page 4 - ORDER [CR 10-5332-JRC]